# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>CONCIERGE AUCTIONS, LLC, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 17-cv-2263-BAS-MDD<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 37]** |

Presently before the Court is Defendant Concierge Auctions, LLC's Motion for Reconsideration. ("Mot.," ECF No. 37.) Also before the Court is Plaintiffs Howard Appel and David Cohen's Opposition to the Motion, ("Opp'n," ECF No. 42), and Defendant's Reply in Support of the Motion, ("Reply," ECF No. 43). The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **DENIES** Defendant's Motion for Reconsideration.

## I.　BACKGROUND

The Court provided the relevant factual background to this case in its prior order and does not repeat it here. (*See* "Prior Order," ECF No. 30, at 2–4.) As to the procedural background, Plaintiffs brought suit against Concierge and eight

individuals associated with Concierge in November 2017. (ECF No. 1.) Plaintiffs' First Amended Complaint alleges claims under California's unfair competition law, Racketeering Influenced and Corrupt Organizations Act ("RICO"), and state tort claims. (ECF No. 12.) Concierge filed a motion to compel arbitration due to an arbitration clause in the parties' agreement. (ECF No. 10.) In its motion, Concierge requested the Court compel arbitration in New York, or in the alternative, transfer the case to New York pursuant to a forum selection clause in the parties' agreement. (*Id.*) On April 13, 2018, the Court granted Concierge's motion to compel arbitration and ordered the parties to proceed to arbitration. (Prior Order 21.) Citing *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967 (9th Cir. 1941), the Court ordered arbitration to proceed in the Southern District of California. (*Id.*) The Court recognized the parties had designated New York as the arbitration venue in their agreement, but the Court found it cannot compel arbitration outside its district.[1]

On May 21, 2018, Plaintiffs filed an ex parte motion. (ECF No. 31.) Plaintiffs informed the Court that Concierge had filed an arbitration demand in New York, requested the American Arbitration Association ("AAA") consolidate the California arbitration with the New York arbitration, and that Concierge represented to AAA that the individual Defendants in the case were not subject to the arbitration agreement. (*Id.* at 2–3.) Plaintiffs requested the Court lift the stay as to Plaintiffs' claims against the individual Defendants and order Concierge to withdraw the New York arbitration. Concierge filed a response to the ex parte motion on May 23, 2018. (ECF No. 32.) On June 14, 2018, the Court denied the ex parte motion. (ECF No. 36.) The Court noted that AAA had consolidated the arbitration proceedings in California, thus, Plaintiffs' request that the Court do so was moot. (*Id.* at 2.) The Court also clarified that the stay in the case "relates to all claims asserted by Plaintiffs

---

[1] Because Concierge's request to transfer venue was brought in the alternative to its request to compel arbitration, the Court did not address the transfer request in its order after granting the motion to compel arbitration.

against Concierge and the Individual Defendants." (*Id.* at 3.) On June 27, 2018, Concierge filed the present Motion for Reconsideration.

In sum, Concierge requests the Court reconsider its April 13, 2018 order because of a change in controlling law due to the recent Supreme Court's case *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612 (2018). In the alternative, Concierge requests the Court certify its prior order for interlocutory appeal or stay the pending arbitration proceedings.

## II. LEGAL STANDARD

District courts have the authority to entertain motions for reconsideration of interlocutory orders at any time before the entry of final judgment. *See* Fed. R. Civ. P. 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, courts apply the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the district court "is presented with newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

## III. MOTION FOR RECONSIDERATION

Before addressing the merits of Concierge's Motion, the Court addresses Plaintiffs' timeliness argument.

### A. Timeliness

Under this District's local rules, "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Civ. L. R. 7.1(i)(2). Here, the

order Concierge requests be reconsidered was issued on April 13, 2018. The Supreme Court issued *Epic Systems* on May 21, 2018. On May 23, 2018, when Concierge filed its response to Plaintiffs' ex parte motion, it included a footnote arguing *Epic Systems* "calls into question the continuing validity of the *Continental Grain* rule." (ECF No. 32, at 3 n.7.) Concierge did not elaborate on this brief argument, and the Court did not discuss *Epic Systems* in its order on Plaintiffs' ex parte motion. Concierge filed the present Motion on June 27, 2018.

Concierge is requesting the Court reconsider its April 13, 2018 order because of a case that was issued on May 21, 2018. There is no doubt Concierge was aware of *Epic Systems* on at least May 23, 2018, when it filed its response that referenced the case. Twenty-eight days from the date of issue of *Epic Systems* is June 11, 2018, but Concierge did not file its Motion for Reconsideration until June 27, 2018. Under the strict letter of the local rules, the Motion for Reconsideration is untimely. Concierge appears to recognize this, but argues "a court's inherent power to reconsider interlocutory orders exists independently of local rules." (Reply 7.) The Ninth Circuit has held "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001) (internal quotation omitted) (emphasis omitted). Indeed, Concierge points to a case where a Court in this district analyzed the merits of a clearly untimely motion for reconsideration. *See Jones v. Bank of Am., N.A.*, No. 11-1161-JM(WVG), 2012 WL 1286924, at *2 (S.D. Cal. Oct. 10, 2012) ("[T]he time limitations set forth in local rules do not affect a court's power to correct or modify its previous rulings *sua sponte* at any time prior to judgment."). Because the Court prefers a ruling on the merits of a motion to a denial for procedural reasons, the Court will consider Concierge's Motion.[2]

---

[2] Plaintiffs further argue Concierge's Motion procedurally fails because Concierge's counsel did not comply with this Court's Standing Order Section 5(A). (Opp'n 3). The Court assumes

## B. *Epic Systems Corp. v. Lewis*

Defendant argues *Epic Systems* has overruled *Continental Grain*. *Epic Systems* involved three similar, consolidated cases. 138 S.Ct at 1619. In each case, an employee and his employer entered into an agreement wherein they agreed to arbitrate any disputes. The employees filed suit and objected to the arbitration agreements because the agreements required individualized arbitration proceedings instead of class or collective ones. The employees argued the agreements were not enforceable and pointed to the Arbitration Act's "saving clause" which allows courts to refuse to enforce arbitration agreements "upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* at 1623 (citing 9 U.S.C. § 2). The employees argued the saving clause removes the obligation to enforce arbitration agreements if the agreement violates a federal law. *Id.* at 620.

In one of the cases, the Ninth Circuit agreed with the employee. It held "an agreement requiring individualized arbitration proceedings violates the [National Labor Relations Act] by barring employees from engaging in the 'concerted activit[y],' . . . of pursuing claims as a class or collective action." *Id.* at 1620 (quoting 29 U.S.C. § 157). It found the arbitration agreement violate a federal law, and therefore, the district court erred in compelling arbitration.

---

Plaintiffs intend to refer to Section 4(A) because they argue Concierge did not "confer over every issue to be raised" in its Motion in the parties' meet and confer session. (*Id.* at 11.) Plaintiffs argue Concierge did not discuss the alternative requests presented in its Motion. The Court's standing order requires the parties discuss "the substance of the contemplated motion" and while Concierge is correct that "substance" is not defined, the Court encourages this to be an exhaustive conversation wherein the moving party discusses all requests it intends to assert in its proposed motion. This serves the purpose of the order and the Court cautions the parties to comply with this in the future.

Plaintiffs also argue Concierge failed to set forth the "new or different facts and circumstances [] claimed to exist which did not exist, or were not shown, upon such prior application" in a supporting declaration. (*Id.* at 3 (quoting Civ. L.R. 7.1(i)(1)).) The Court disagrees. Concierge attached to its Motion a declaration of attorney Derek Wallen. (ECF No. 37-2.) This declaration, although extremely vaguely, references the Supreme Court case *Epic Systems*, which Concierge asserts to be the "new circumstance" and basis behind its Motion for Reconsideration. In sum, the Court will not deny Concierge's motion due to these alleged procedural deficiencies.

In analyzing the three cases, the Supreme Court noted the "liberal federal policy favoring arbitration agreements." *Id.* at 1621 (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)). The Court noted "[n]ot only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures." *Id.* The Arbitration Act "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes and *the rules* under which that arbitration will be conducted.'" *Id.* (quoting *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013)). The saving clause "allows courts to refuse to enforce arbitration agreements 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (quoting 9 U.S.C. § 2). But the Court held an arbitration agreement requiring individualized proceedings was not one of those grounds, and "Congress has instructed that arbitration agreements like those before us must be enforced as written." *Id.* at 1632. Arbitration agreements providing for individualized proceedings must be enforced and the saving clause does not provide otherwise. *Id.*

Broadly, this Court understands Concierge's argument that *Epic Systems* supports Concierge's position. The Supreme Court noted the Arbitration Act directs the courts "to respect and enforce the parties' chosen arbitration procedures." *Epic Sys.*, 138 S.Ct at 1621. On the other hand, the Ninth Circuit in *Continental Grain* disallows courts from ordering arbitration in any venue outside its district. 118 F.2d at 968–69. Arbitration may be compelled in the district where the plaintiff chooses to file suit, regardless of a forum selection clause. *Id.*

The Court finds *Epic Systems* is not a "change in the law" in any area relevant to the Court's prior order in this case. Concierge incorrectly states that after *Epic Systems,* "District Courts in the Ninth Circuit must now enforce parties' arbitration agreements 'as written.'" (Mot. 15 (quoting *Epic Sys.*, 138 S.Ct at 1620).) This is

not a new holding from *Epic Systems* but is an interpretation of part of the Arbitration Act. *See* 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration <u>in accordance with the terms of the agreement</u>." (emphasis added)). *But see id.* ("The hearing and proceedings, under such agreement, shall be <u>within the district in which the petition for an order directing such arbitration is filed</u>." (emphasis added)). In interpreting section 4, the Ninth Circuit in *Concierge* determined the venue provision in an arbitration agreement may be disregarded. *See also Textile Unlimited, Inc. v. A.. BMH & Co., Inc.*, 240 F.3d 781, 785 (9th Cir. 2001 (holding "§ 4 only confines the *arbitration* to the district in which the petition to compel is filed. It does not require that the petition be filed where the contract specified that arbitration should occur." (citing *Continental Grain*, 118 F.2d at 969)). This has not changed and nothing in *Epic Systems* overrules any part of *Continental Grain*, which, as the Court has noted, is the "law of this circuit." (Prior Order 20.) Accordingly, the Court **DENIES** Concierge's Motion for Reconsideration.

## IV. MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Concierge argues if the Court does not grant its motion for reconsideration, it should certify its April 13, 2018 order for interlocutory appeal. (Mot. 18.) Except as provided in 28 U.S.C. § 1292(b), "an appeal may not be taken from an interlocutory order . . . granting arbitration to proceed" under 9 U.S.C. § 4. Thus, Concierge makes its request pursuant to 28 U.S.C. § 1292(b) which provides

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The Ninth Circuit cautions that district courts should only

certify an interlocutory appeal in "rare circumstances" because "[s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Thus, certification pursuant to section 1292(b) is appropriate "only in exceptional situations." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966) (per curiam); & *Milbert v. Bison Labs.,* 260 F.2d 431, 433–35 (3d Cir. 1958)). The party seeking the interlocutory appeal bears the burden of establishing that the requirements for certification are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).[3]

The Court finds Plaintiffs have not proven the requirements of 28 U.S.C. § 1292(b), particularly that certification would "materially advance the ultimate termination of litigation." Certification "materially advances the ultimate termination of the litigation" when "allowing an interlocutory appeal would avoid protracted and expensive litigation," saving both the court and the parties "unnecessary trouble and expense." *Hawaii ex rel. Louie v. JP Morgan Chase & Co*, 921 F. Supp. 2d. 1059, 1067 (D. Haw. 2013) (quoting *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) & *In re Cement Antitrust Litig.*, 673 F.2d at 1026). Here, proceeding to arbitration, rather than certification of interlocutory appeal, will advance the termination of this litigation. Certification of the Court's April 13, 2018 order for appeal would delay, rather than advance, the

---

[3] Further, 28 U.S.C. § 1292(b) provides the Court of Appeals may permit an appeal to be taken from the order "if application is made to it within ten days after the entry of the order." Plaintiffs argue Concierge's application is untimely under this provision because the application was filed more than ten days after the Court's April 13, 2018 order. Plaintiffs misread the statute. If a district court issues certification under 28 U.S.C. § 1292(b), then a party may petition the appellate court for leave to appeal. That application "must be made within ten days of the entry of the order certifying the underlying order for appeal." *In re Benny*, 791 F.2d 712, 719 (9th Cir. 1986) (citing 28 U.S.C. § 1292(b)). This does not require the motion for interlocutory appeal be made at any specific time.

termination of this case because it would "require the parties to undertake proceedings at the appellate level before any arbitration could take place." *Kaltwasser v. AT&T Mobility, LLC*, No. C 07-411 JW, 2011 WL 5417085, at *2 (N.D. Cal. Nov. 8, 2011) (citing *Owner–Operator Indep. Drivers Ass'n, Inc. v. Swift Trans. Co.*, No. CV 02-1059-PHX, PGR, 2004 WL 5376210, at *1 (D. Ariz. July 28, 2004) (declining to certify an order compelling arbitration for interlocutory appeal, in part because "the appeal process would realistically take far longer than would the arbitration process, an interlocutory appellate ruling . . . would only prolong the termination" of the case)). For the foregoing reasons, Concierge's motion for certification of interlocutory appeal is **DENIED**.

## V. MOTION TO STAY

Concierge argues if the Court does not direct arbitration in New York, it "should stay the AAA's arbitration proceedings so that Concierge can either obtain an order directing arbitration from a District Court in New York or pursue an interlocutory appeal." (Mot. 21.)[4] The Court finds no reason to stay arbitration proceedings that it has compelled so that Concierge can file a case in federal court in New York. *See Rocky Mtn. Biologicals, Inc. v. Microbix Biosystems, Inc.*, 986 F. Supp. 2d 1187, 1197 (D. Mont. 2013) ("Absent from the Federal Arbitration Act is any mechanism whereby a Court can stay arbitration pending resolution of related litigation.").[5] The Court **DENIES** this request.

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Concierge's Motion. (ECF No.

---

[4] Given the Court has declined to certify its April 13 order for interlocutory appeal in this Order, it appears Concierge's remaining request is for the Court to stay arbitration proceedings so Concierge can file a separate case in New York. Concierge does not explain how that hypothetical case would be viable given the present case.

[5] Concierge cites *Morgan Stanley and Co. LLC v. Couch*, 659 F. App'x 402 (9th Cir. 2016) in support of its request to stay. In that case, the Ninth Circuit analyzed a request to enjoin arbitration proceedings, and the reasoning is inapplicable here. Concierge is not requesting the Court enter an injunction.

37.) The Parties are to proceed to arbitration as per the Court's prior orders, (ECF Nos. 30, 36). This case remains stayed and administratively closed. (*See* ECF No. 30, at 21–22.)

**IT IS SO ORDERED.**

**DATED: October 1, 2018**

Hon. Cynthia Bashant
United States District Judge