# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>CONCIERGE AUCTIONS, LLC, *et al.*,<br><br>   Defendants. | Case No. 17-cv-02263-BAS-MDD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO LIFT STAY AND RECONSIDER ORDER COMPELLING ARBITRATION (ECF No. 53)** |

Plaintiffs Howard Appel and David Cohen move the Court to lift its stay and reconsider the April 13, 2018, Order Compelling Arbitration. Reconsideration may be appropriate when there is an intervening change in controlling law or newly discovered evidence. Plaintiffs argue this test is met in light of a 2021 Ninth Circuit decision and the arbitration panel's decision to apply New York law to the parties' dispute.

The Court is unconvinced. The Ninth Circuit decision applied a rule that existed before the Court's Arbitration Order. And the arbitration panel's ruling is not newly

discovered evidence under the reconsideration standard. Hence, the Court denies Plaintiffs' motion.

## I. Background

Plaintiffs seek relief from the Arbitration Order based on a California rule that prohibits the contractual waiver of a party's right to seek public injunctive relief. The Court first summarizes the Arbitration Order and then reviews both the California rule and the Ninth Circuit decisions applying this rule.

### A. Arbitration Order

As described in the Arbitration Order, Defendant Concierge advertises itself as a large, high-end real estate company that auctions luxury residential real property. Plaintiffs are real estate investors who participated in Concierge's auctions.

Plaintiffs bring claims concerning Concierge's solicitation and auction practices against Concierge and eight related individuals. (First Am. Compl. ("FAC"), ECF No. 12.) These claims include causes of action for violation of California's Unfair Competition Law and False Advertising Law. (*Id.* ¶¶ 78–82, 121–27.) Plaintiffs seek not only restitution, but also "injunctive relief enjoining Concierge from soliciting sellers and/or bidders through false and misleading advertising." (*Id.* 37:13–14, 38:4–5.)

In 2018, Concierge moved to compel arbitration based on its form bidder registration agreement ("Bidder Agreement"). (ECF No. 10.) The Bidder Agreement includes a clause that clearly and unmistakably delegates arbitrability to the arbitrator. (Arbitration Order 8:18–11:6.)

Plaintiffs argued the delegation clause is unconscionable, so the Court considered which jurisdiction's law applies to this enforceability argument. (Arbitration Order 12:7–13:4.) The Bidder Agreement includes a New York choice of law clause. The Court, however, discerned no substantial relationship between New York and the parties or transactions at issue. Further, as Concierge conceded, there is no material difference between California and New York law on the issue of unconscionability. Hence, the Court concluded California law applied to this issue. The Court then rejected Plaintiffs'

unconscionability argument, granted the request to compel arbitration, and stayed the remainder of this case pending conclusion of the arbitration. (*Id.* 13:6–22:10.)

### B. *McGill* Rule

#### 1. *McGill v. Citibank, N.A.* (Cal. 2017)

In 2017—before this case started—the California Supreme Court decided that a contractual agreement waiving a party's right to seek public injunctive relief in any forum is unenforceable. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). In *McGill*, the court applied California Civil Code section 3513, which provides that "a law established for a public reason cannot be contravened by a private agreement." Under section 3513, a party may contractually waive a statutory right only if the "statute does not prohibit doing so, the statute's public benefit is merely incidental to its primary purpose, and waiver does not seriously compromise any public purpose that the statute was intended to serve." *McGill*, 2 Cal. 5th at 961 (cleaned up) (quoting *DeBerard Props., Ltd. v. Lim*, 20 Cal. 4th 659, 669 (1999)).

The *McGill* court explained that public injunctive relief available under California's Unfair Competition Law, among other statutes, is "[b]y definition . . . primarily 'for the benefit of the general public.'" *McGill*, 2 Cal. 5th at 961 (quoting *Broughton v. Cigna Healthplans of Cal.*, 21 Cal. 4th 1066, 1082 (1999)). Waiver "of the right to seek public injunctive relief under these statutes would seriously compromise the public purposes the statutes were intended to serve." *Id.* Therefore, these waivers are "invalid and unenforceable under California law." *Id.*

The contract in *McGill* was an arbitration agreement that waived the plaintiff's right to seek public injunctive relief in arbitration and required arbitration of all claims. Because the contract waived the plaintiff's right to seek a public injunction in any forum, the court held the waiver was unenforceable under Civil Code section 3513. *McGill*, 2 Cal. 5th at 966–67.

### 2. *Blair v. Rent-A-Ctr., Inc.* (9th Cir. 2019)

The Ninth Circuit first addressed the *McGill* rule in *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819 (9th Cir. 2019). There, the defendant argued the Federal Arbitration Act preempts the *McGill* rule. *Id.* at 822. The Ninth Circuit was unconvinced. The court explained that "the *McGill* rule is a generally applicable contract defense derived from long-established California public policy. It is a 'ground[ ] . . . for the revocation of any contract' and falls within the FAA's saving clause[.]" *Id.* at 828 (alterations in original) (quoting 9 U.S.C. § 2). Further, the rule does not interfere with arbitration because parties may arbitrate requests for public injunctive relief. *Id.* at 827–29. The Ninth Circuit therefore held "the FAA does not preempt the *McGill* rule." *Id.* at 831.[1]

### 3. *DiCarlo v. MoneyLion, Inc.* (9th Cir. 2021)

More recently, in 2021, the Ninth Circuit again applied what it referred to as "the *McGill* rule"—"California's legal requirement that contracts allow public injunctive relief." *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1152 (9th Cir. 2021). In *DiCarlo*, the district court compelled arbitration of a putative class action that sought public injunctive relief under California's Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act. *Id.* at 1152. The plaintiff appealed, and the Ninth Circuit rejected her argument that the arbitration agreement violated the *McGill* rule. The court explained that because the agreement authorized the arbitrator to "award all [injunctive] remedies available in an individual lawsuit under [California] law," it encompassed the public injunctive relief addressed in *McGill* and was enforceable. *Id.* at 1153–58 (alterations in original). The Ninth Circuit also noted that "[o]nly an interpretation that public injunctive relief remains available will render the arbitration provision 'lawful' and 'capable of being carried into effect.'" *Id.* at 1158 (quoting Cal. Civ. Code § 1643).

---

[1] Relatedly, in a 2020 unpublished decision, the Ninth Circuit determined a district court did not abuse its discretion by reconsidering a 2016 order compelling arbitration in light of the 2017 *McGill* decision. *Roberts v. AT&T Mobility LLC*, 801 F. App'x 492, 494 (9th Cir. 2020).

Citing *DiCarlo*, Plaintiffs now ask the Court to lift its stay and reconsider the 2018 Arbitration Order. (Mot., ECF No. 53.) Concierge opposes. (Opp'n, ECF No. 58.)[2, 3]

## II. Legal Standard

Reconsideration is an "extraordinary remedy." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It should be used sparingly in the interests of finality and conserving judicial resources. *Id.*

Therefore, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters.*, 229 F.3d at 890 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A reconsideration motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis omitted).

## III. Analysis

### A. Intervening Change in Controlling Law

Plaintiffs argue reconsideration is appropriate "due to the intervening change in law that occurred when *DiCarlo* was decided." (Mot. 18:1–22:21.) The Court is unconvinced. *DiCarlo* was not the first Ninth Circuit decision to address the public injunctive relief issue from *McGill*. *See Blair*, 928 F.3d 819. And the fact that the Ninth Circuit in *DiCarlo* refers to the relevant issue as the "*McGill* rule" belies Plaintiffs' argument. *See* 988 F.3d at 1152. *McGill* was decided in April 2017. 2 Cal. 5th 945. Plaintiffs did not raise the *McGill* rule in their opposition to Concierge's motion to compel arbitration filed in January

---

[2] The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

[3] After their reply, Plaintiffs filed an additional brief in support of their motion without the Court's permission. (ECF No. 61.) This brief was not authorized under the Civil Local Rules or this Court's Standing Order for Civil Cases. Hence, the Court has not considered it.

2018.[4] (ECF No. 21.) The Court issued its Arbitration Order in April 2018—after *McGill*. So, the relevant rule is not an intervening change in controlling law under the reconsideration standard.

Even so, Plaintiffs argue that "[w]hile the Ninth Circuit did apply the *McGill* rule in *Blair*, it did so pre-*DiCarlo* concerning a contract with express terms precluding public injunctive relief." (Reply 4:27–28.) Plaintiffs further frame *DiCarlo* as having "expanded the *McGill* rule to contracts having the *practical effect* of preventing the parties from obtaining public injunctive relief in the Court and in arbitration." (*Id.* 8:22–24.) This construction is not convincing. *Blair* applied the same rule. Each new application of the *McGill* rule by the Ninth Circuit is not an intervening change in controlling law. The Court thus concludes reconsideration is not warranted on this basis.

### B.     Newly Discovered Evidence

Plaintiffs also argue there is "newly discovered or previously unavailable evidence" that supports reconsideration. (Mot. 15:6–17:8.) After the Court's Arbitration Order, the parties proceeded to arbitration. In December 2020, a three-member arbitration panel determined New York law applies to the parties' dispute and dismissed Plaintiffs' California statutory claims. (ECF No. 53-3, at Ex. 11.) Plaintiffs claim that this ruling, combined with the *McGill* rule applied in *DiCarlo*, means the arbitration agreement is unenforceable. (Mot. 15:1–17:8.)  Therefore, Plaintiffs contend the Court should reconsider the Arbitration Order.

Plaintiffs' argument is not persuasive. Plaintiffs do not point the Court to any Ninth Circuit authority showing an interim arbitration ruling can be used to support reconsideration of an order compelling arbitration. (*See* Mot. 15:6–27.) Rather, Concierge convincingly argues that the relevant "evidence" for determining whether to compel arbitration in 2018 was the parties' agreement containing the arbitration clause. "Movants

---

[4] Nor do Plaintiffs argue the Court committed clear error by not applying the *McGill* rule to the parties' arbitration agreement *sua sponte*. But if Plaintiffs had advanced this claim, their argument would have been neither timely nor supported by a showing of diligence.

could have relied on that evidence . . . by making the same . . . argument that they make now—that the parties' Arbitration Agreement[] contain[s] a New York choice of law [clause] that would deprive them of the right to seek public injunctive relief, making [it] invalid and unenforceable under *McGill*." (Opp'n 11:17–21.) Plaintiffs made no such argument. And how an arbitration panel might rule down the line is typically not germane to the Court's decision to compel arbitration. Were the opposite true, parties would frequently return to the district court for reconsideration of orders compelling arbitration based on subsequent arbitration rulings. Hence, the interests of finality and conserving judicial resources do not support reconsideration here. In short, the Court finds there is not newly discovered evidence supporting reconsideration of the Arbitration Order.[5]

### IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs Howard Appel and David Cohen's motion to lift the stay and reconsider the April 13, 2018, Order Compelling Arbitration. (ECF No. 53.)

**IT IS SO ORDERED.**

DATED: March 2, 2022

Hon. Cynthia Bashant
United States District Judge

---

[5] Along the same lines, the Court is not persuaded by Plaintiffs' argument that "highly unusual circumstances" or a "manifest injustice" warrant reconsideration. (*See* Mot. 14:16–17; 17:9–21.) *See also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Sch. Dist. No. 1J, Multnomah Cty.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The timeline here and unfavorable arbitration ruling do not satisfy these standards.