# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, *et al.*,<br><br>                              Plaintiffs,<br><br>        v.<br><br>CONCIERGE AUCTIONS, LLC, *et al.*,<br><br>                              Defendants. | Case No. 17-cv-2263-BAS-MDD<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO CONTINUE (ECF No. 69);**<br><br>**(2) DENYING PLAINTIFFS' MOTION TO VACATE IN PART THE ARBITRATION AWARD (ECF No. 63);**<br><br>**AND**<br><br>**(3) DENYING PLAINTIFFS' MOTION FOR SANCTIONS (ECF No. 64)** |

On August 4, 2023, following a five-year arbitration and an eighteen-day evidentiary hearing, a panel of three arbitrators from the American Arbitration Association (the "Panel") issued a final arbitration award in this matter. Pending before the Court are Plaintiffs Howard Appel and David Cohen's motion to vacate in part the arbitration award (ECF No. 63), Plaintiffs' motion for attorney fees or sanctions (ECF No. 64), and

- 1 -

Defendant Concierge Auctions, LLC's motion to continue the motion to vacate (ECF No. 69).  Defendant opposes Plaintiffs' motion to vacate the arbitration award and moves to partially vacate the arbitration award as to its determination of the prevailing party.  (ECF No. 71.)  For the reasons herein, the Court **DENIES** Defendant's motion to continue, **DENIES** Plaintiffs' motion to vacate in part the arbitration award, **DENIES** Defendant's motion to vacate in part the arbitration award, and **DENIES** Plaintiffs' motion for sanctions.

## I.    Background

This dispute arises out of luxury property auctions conducted by Defendant where Plaintiffs participated or were the winning bidder.  On November 6, 2017, Plaintiffs brought suit against Concierge and eight individuals alleging violations of California's unfair competition law, the Racketeering Influenced and Corrupt Organizations Act ("RICO"), and state tort law.  Plaintiffs accused Defendants of placing fictitious bids in order to drive up auction prices.  Following a motion by Concierge, the Court compelled the parties to arbitration, stayed the proceedings, and administratively closed the case on April 13, 2018.  (ECF No. 30.)

The parties proceeded to engage in arbitration proceedings lasting five years that culminated in an eighteen-day evidentiary hearing before the Panel.  On August 4, 2023, the Panel issued a fifty-page final award.  While the Panel concluded Concierge submitted fake bids, the Panel found for Concierge on all of Plaintiffs' fraud claims because Plaintiffs failed to demonstrate they were damaged by the fictitious bids.  The Panel also found in favor of Defendant on Plaintiffs' breach of fiduciary duty claim.  The Panel, however, found against Defendant on all of its counterclaims and found in favor of Plaintiffs on their conversion claim.  The Panel awarded Plaintiffs $18,427 in damages.  Finally, the Panel found neither party was the prevailing party and that the parties were to bear their own costs.  (ECF No. 633-3 at 602.)

On the same day the Panel issued its final award, Concierge filed a motion to confirm in part the arbitration award in the U.S. District Court for the Southern District of New York.  On October 3, 2023, Plaintiffs filed the instant motion before this Court to vacate in part the arbitration award claiming the Panel exceeded its powers and the Panel's misconduct prejudiced their rights.  (ECF No. 63.)  Plaintiffs filed this motion without an accompanying motion to lift the stay and reopen the case.  Plaintiffs subsequently filed a motion requesting sanctions and attorney's fees against Defendant under 28 U.S.C. § 1927 or the Court's inherent power to sanction the parties for purportedly multiplying the litigation by filing in the Southern District of New York when this case was already stayed.  (ECF No. 64.)

In response, Concierge first requested the Court continue its stay in light of its motion pending in the Southern District of New York.  (ECF No. 69.)  To date, the U.S. District Court for the Southern District of New York has not ruled on Defendant's motion to confirm the arbitration award.  Concierge subsequently partially opposed Plaintiffs' motion to vacate the arbitration award.  Concierge opposed Plaintiffs' motion to vacate the Panel's findings with respect to Plaintiffs' fraud and fiduciary duty claims but requested the Court vacate the Panel's finding that neither party was the prevailing party.  (ECF No. 71.)

## II.  Motion to Continue the Stay

The Court first addresses Defendant's motion to continue the stay in light of its pending motion to confirm filed in the U.S. District Court for the Southern District of New York.  Defendant contends, under the first-to-file rule, the Court should stay Plaintiffs' motion to vacate in part because its motion to confirm was filed before Plaintiffs' motion to vacate the award.  (ECF No. 71 at 10.)

The first-to-file rule permits a court to stay or transfer proceedings if a similar case with similar parties and issues was previously filed in another district court.  The rule is intended to "promot[e] efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).  Courts should strive to

maximize "economy, consistency, and comity" when applying the first-to-file rule. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). To analyze the first-to-file rule, courts look to the chronology of the cases, similarity of the parties, and similarity of the issues. *See Zou v. Mkt. Am., Inc.*, No. 19-CV-10282-LHK, 2019 WL 13218583, at *5 (N.D. Cal. Sept. 12, 2019) (citation omitted).

The Court declines to continue the stay pursuant to the first-to-file rule. First, this Court has the power the confirm or vacate the arbitration award. The Supreme Court expressly noted "the court with the power to stay the action under § 3 [of the FAA] has the further power to confirm any ensuing arbitration award." *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000) (citing *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–76 (1932)). The Court retains venue over post-arbitration motions following a stay. *Id.*

Second, the chronology of the cases supports denying Defendant's motion to continue the stay or, although not requested, to transfer the motion to the Southern District of New York. There is no dispute that the parties and issues are materially identical in the present case and the Southern District of New York case. And there is no dispute that Plaintiffs filed their initial complaint before the Court before Defendant filed its motion in the U.S. District Court for the Southern District of New York. This is determinative of the question of chronology under the first-in-time rule.

It is of no import that this Court stayed the action pending arbitration between the parties. Numerous district courts have held that the original action upon which a stay was entered pending arbitration was the first-filed action when applying the first-to-file rule. *See, e.g., Noble v. U.S. Foods, Inc.*, No. 14-CV-7743-RA, 2014 WL 6603418, at *4 (S.D.N.Y. Nov. 19, 2014); *Uretek, ICR Mid-Atl., Inc. v. Adams Robinson Enters., Inc.*, No. 3:16-CV-00004, 2017 WL 4171392, at *5 (W.D. Va. Sept. 20, 2017); *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 868 F. Supp. 1244, 1251 (D. Kan. 1994), *aff'd*, 119 F.3d 847 (10th Cir. 1997). And it is immaterial that the contract contains

a forum selection clause identifying New York as the forum for actions under the contract. *See, e.g.*, *Hypower, Inc. v. SunLink Corp.*, No. 14-CV-00740-THE, 2014 WL 1618379, at *6 (N.D. Cal. Apr. 21, 2014). Accordingly, the Court declines to continue the stay and declines to transfer the action to the U.S. District Court for the Southern District of New York.

The Court next addresses Plaintiffs' failure to move to lift the stay. On April 13, 2018, the Court stayed the proceedings and administratively closed the action "pending the resolution of the arbitration." (ECF No. 30.) The Court then denied subsequent motions by Plaintiffs to lift the stay before arbitration was concluded. (ECF Nos. 36, 48, 62.) Plaintiffs now move to vacate the arbitration award without an accompanying motion to lift the stay.

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The corollary to this power is the ability to lift a stay previously imposed." *Boyle v. Cty. of Kern*, No. 103-CV-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008). *See also Nken v. Holder*, 556 U.S. 418, 433 (2009) (describing a stay as "an exercise of judicial discretion where its issue is dependent upon the circumstances of the case). Plaintiffs failed to follow ordinary procedure by not filing a motion to lift the stay preceding or accompanying their motion for vacatur. *See, e.g.*, *Miller v. Travel Guard Grp., Inc.*, No. 21-CV-09751-TLT, 2023 WL 4240809, at *2 (N.D. Cal. June 6, 2023); *French v. Whitefeather Holdings LLC*, No. CV-19-00482-TUC-RCC, 2020 WL 6383531, at *2 (D. Ariz. Oct. 30, 2020).

The Court, nevertheless, *sua sponte* lifts the stay in the name of efficiency because the arbitration has concluded. *See Bankwitz v. Ecolab, Inc.*, No. 17-CV-02924-EMC, 2020 WL 8484685, at *1 (N.D. Cal. Apr. 22, 2020) (lifting a stay *sua sponte*, and without a motion by the litigants, in order to confirm an arbitration award). In this context, Section 3 of the Federal Arbitration Act ("FAA") instructs courts to stay the proceedings "until

such arbitration has been had." 9 U.S.C. § 3. Arbitration has been had here such that the stay is no longer necessary.

## II.     Motion to Vacate the Arbitration Award

Plaintiffs request the Court vacate in part the arbitration award because the Panel purportedly exceeded its powers by ignoring relevant law with respect to damages and denied the parties a fundamentally fair hearing through its discovery rulings. (ECF No. 63.) Defendant requests the Court vacate in part the Panel's decision that neither party was the prevailing party asserting Concierge avoided the lion's share of prospective liability and thus prevailed. (ECF No. 71.)

### A.     Legal Standard

The FAA "enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc). Section 10 of the FAA permits a federal court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). Section 10 also permits a district court to vacate an award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." *Id.* These are high standards. *See Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 640–42 (9th Cir. 2010) ("[I]t is not enough [ ] to show that the [arbitrator] committed an error—or even a serious error.").

### B.     Analysis

#### 1.     Whether the Panel Exceeded Its Powers

The Supreme Court and the Ninth Circuit have set a high threshold for vacating an arbitration award under Section 10 for arbitrators "exceed[ing] their powers." Arbitrators "exceed their powers" when an award is "completely irrational" or exhibits a "manifest disregard of law." *See Kyocera Corp.*, 341 F.3d at 997 (internal citations omitted). An award is completely irrational where the arbitrator's decision "fails to draw its essence from the agreement." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th

Cir. 2009).  This standard is narrow; an award cannot be vacated if it "is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intention."  *McGrann v. First Albany Corp.*, 424 F.3d 743, 749 (8th Cir. 2005).  An arbitrator's decision is not evaluated for its "rightness or wrongness" but whether it "draws its essence from the contract."  *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1024 (9th Cir. 1991) (quotations omitted).

An award exhibits a "manifest disregard of law" where there is "something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law."  *Mich. Mut. Ins. Co. v. Uniguard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995), *as amended* (Feb. 8, 1995).  To vacate an award, the moving party must show "the arbitrators recognized the applicable law and then ignored it."  *Id.*  This requires "evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it."  *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (citations omitted).  This is a high bar: errors of fact or misinterpretations of law generally do not constitute a manifest disregard of the law.  *See Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004); *Kyocera Corp.*, 341 F.3d at 997.

### a. Existence of Fraud

Plaintiffs argue the Panel manifestly disregarded the law by recognizing but failing to apply *Veazie v. Williams*, 49 U.S. 134 (1850), to the controversy.  (ECF No. 63 at 15–16.)  The Supreme Court in *Veazie* assessed a claim where the auctioneer "by pretended and illegal bidding at the sale, greatly enhance[d] the price" causing "the complainant to pay, a much larger sum than they would have done had said sale been fairly conducted." *Veazie*, 49 U.S. at 147.  If not for the auctioneer's fictitious bids, the auctioned property would have sold for no more than $20,000.  However, the auctioneer bid the price up to nearly $40,000 causing Veazie to purchase at an inflated price. *Id.* at 152.  The Supreme Court determined this amounted to fraud and that any excess price should be refunded to Veazie. *Id.* at 159.

Plaintiffs contend the Panel determined Concierge's floor bids were "false" and disregarded *Veazie* by failing to find they were damaged.  (ECF No. 63 at 16.)  This misunderstands the Panel's award.  The Panel took pains to discuss and distinguish the facts before it from *Veazie*.  The Panel noted "in both the California and the Mexico auctions, there were two competitive bidders, Appel and another legitimate bidder, who competitively bid up the property *after* the fictitious McCains bids were entered."  (ECF No. 63-3 at 583.)  In contrast, *Veazie* featured only one bona fide bidder.  This distinction is critical because the *Veazie* court could assume any higher bids were a result of artificial bids and therefore damages from fraud.  Because another legitimate bidder continued to place bids after and above the fictitious Concierge bids, the Panel could not assume Plaintiffs would not have paid the end price, unlike *Veazie*.  Further, the Panel considered other federal cases where the courts held there were no provable damages if competitive bidding occurred following a fraudulent bid.  (ECF No. 63-3 at 584).  *See Mazur v. eBay, Inc.*, 257 F.R.D. 563, 571 (N.D. Cal. 2009); *Tidenberg v. Bidz.com*, No. CV-08-5553-PSG, 2010 WL 135580, at *5 (C.D. Cal. Jan. 7, 2010).  These cases plainly support the Panel's interpretation of *Veazie* as it applies to these facts.

The Panel then examined whether Plaintiffs provided evidence showing they were actually damaged by Concierge's fictitious bids.  While the fictitious bids may "have had some impact, at least a modest one, on the final bid," the Panel noted Plaintiffs failed to provide evidence the amounts they paid for the California and Mexico properties were inflated.  (ECF No. 63-3 at 584–85.)  Because Plaintiffs bore the burden of demonstrating damages and damages were not self-evident, the Panel found Plaintiffs failed to prove their fraud claims under New York state law.  The Panel did not manifestly disregard the law in reaching this conclusion.

Plaintiffs' other arguments are equally unavailing.  First, Plaintiffs assert the Panel's decision is irrational because the Panel found Concierge's floor bids were "fraudulent" but that Plaintiffs had not shown they were damaged by the fake bids.  (ECF No. 63-1 at 16.)  This argument is discussed above.  Second, Plaintiffs argue the Panel's finding they did

not prove damages was irrational because they were forced to pay a buyer's premium to Concierge equal to twelve percent of the purchase price and the fraudulent bids pushed up the purchase price and therefore the buyer's premium. (ECF No. 63-1 at 17.) Again, this argument rests on the assumption there were no other bona fide bidders in the auction. Plaintiffs could have had to pay the increased buyer's premium, whether false bids were submitted or not, because the competitive bidder could have driven up the price anyway. These findings by the Panel are not irrational.

Third, Plaintiffs point to the Panel's findings in its interim awards that Concierge's floor bids were "fraudulent" as evidence that the Panel changed its mind and ignored the law. (ECF No. 63-1 at 6.) Plaintiffs again misconstrue the record. In all of the Panel's interim awards, the Panel found Plaintiffs failed to demonstrate they suffered damages, which is a required element of their claim for fraud. Further, the Panel can descriptively call Concierge's bids as "fictitious" or "fraudulent" without making a legal determination that Concierge is liable for fraud. The Panel's word choice does not render its decision irrational.

Accordingly, because the Panel did not exceed its authority, the Court will not vacate the arbitration award under the FAA.

### b. Prevailing Party

Plaintiffs also contend the Panel manifestly disregarded the law by finding that neither party can be deemed the prevailing party despite purportedly prevailing on their central claims. (ECF No. 63 at 16.) Defendant also moves to vacate in part the arbitration award contending the Panel manifestly disregarded the law by failing to recognize that it was the prevailing party. (ECF No. 71 at 18.) Again, the standard to vacate an arbitration award is high. To vacate, a party must show "the arbitrators recognized the applicable law and then ignored it." *Mich. Mut. Ins. Co.*, 44 F.3d at 832. The parties each fail to do so.

First, Concierge contends the central claims for relief were Plaintiffs' fraud claims and by virtue of its victory, Concierge should be named the prevailing party. The Panel applied New York state law where a fundamental consideration is whether a party

"prevailed with respect to the central relief sought." *Nestor v. McDowell*, 615 N.E.2d 991, 994 (N.Y. 1993). *See also Sykes v. RFD Third Ave. I Assocs., LLC*, 833 N.Y.S.2d 76, 77 (N.Y. App. Div. 2007) (describing the prevailing party as prevailing on the "central claims advanced" and receiving "substantial relief in consequence thereof"). This determination "requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope." *Excelsior 57th Corp. v. Winters*, 641 N.Y.S.2d 675, 676 (N.Y. App. Div. 1996).

The Panel acknowledged Concierge "would ordinarily be declared" the prevailing party for defeating Plaintiffs' fraud claims, but also noted Concierge failed to win any of its counterclaims. (ECF No. 63-3 at 601–602.) Because "these counterclaims represented substantial, potential exposure" to Plaintiffs, and Concierge did not succeed in winning any of its counterclaims, the Panel found "neither party can be deemed the prevailing party." (*Id.*) This comports with New York state law. *See, e.g.*, *Blinds to Go (U.S.), Inc. v. Times Plaza Dev., L.P.*, 143 N.Y.S.3d 91, 94 (N.Y. App. Div. 2021) (finding in a "highly litigated and contentious action, notwithstanding numerous motions, trials, hearings, and appeals" neither party "obtained the central relief each seeks so as to constitute a prevailing party"); *Kefalas v. Valiotis*, 153 N.Y.S.3d 147, 152–53 (N.Y. App. Div. 2021) (determining the plaintiffs, while obtaining some relief, did not constitute a prevailing party for failing on their other claims). While a different arbitrator may have agreed with Concierge's accounting of wins and losses, the Panel did not manifestly ignore the law in assessing what were the "central claims advanced" and what Concierge achieved with respect to those claims.

Plaintiffs' argument is similarly empty. Plaintiffs argue the Panel determined Concierge placed fictitious bids and thus prevailed on the gravamen of their complaint. The Panel determined Plaintiffs failed to demonstrate damages for any of their causes of action for fraud and because they sought monetary relief, they were not the prevailing party. While Plaintiffs may tally their victories differently, the Panel did not fail to apply New York law in reaching this conclusion.

1      Accordingly, the Court will not vacate the arbitration award with respect to the
2  designation of the prevailing party.

3                  **2.      Whether the Proceedings Were Fundamentally Fair**

4      Plaintiffs move to vacate in part the arbitration award asserting the Panel failed to
5  rule on their motion for adverse inferences and denied them fundamentally fair proceedings
6  by failing to adequately police Defendant's discovery responses.  (ECF No. 63.)  Section
7  10 of the FAA permits courts to vacate an arbitration award "where the arbitrators were
8  guilty of misconduct . . . in refusing to hear evidence pertinent and material to the
9  controversy."  9 U.S.C. § 10(a).  This is a high bar.  In assessing a claim for misconduct,
10  the court does not ask whether the arbitrator made the correct decisions; rather, the court
11  asks "whether the parties received a fundamentally fair hearing."  *Move, Inc. v. Citigroup*
12  *Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016).  An arbitration "is fundamentally
13  fair if the minimal requirements of fairness—adequate notice, a hearing on the evidence,
14  and an impartial decision by the arbitrator—are met."  *Carpenters 46 N. Cal. Ctys. Conf.*
15  *Bd. v. Zcon Builders*, 96 F.3d 410, 413 (9th Cir. 1996).  An arbitration fails to meet this
16  standard if the procedure was a "sham, substantially inadequate or substantially
17  unavailable."  *Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 (9th Cir.
18  1987) (citations and quotation marks omitted).

19      A court's review of an arbitration proceeding "is both limited and highly
20  deferential."  *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006)
21  (quotation marks omitted).  Arbitrators possess wide evidentiary discretion including the
22  exchange of, admission of, or exclusion of evidence as they see fit.  *See U.S. Life Ins. Co.*
23  *v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010).  An award is vacated under
24  Section 10 of the FAA only if the error was "in bad faith or so gross as to amount to
25  affirmative misconduct" denying the parties a fundamentally fair hearing.  *United*
26  *Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 (1987).

27      Plaintiffs broadly claim the Panel's procedure was "substantially inadequate" due to
28  the Panel's evidentiary rulings such that the parties failed to receive a fundamentally fair

17cv2263

hearing.  (ECF No. 63 at 20.)  The Court disagrees.  As an initial matter, the Panel has wide latitude in making evidentiary decisions.  Arbitrators must provide "each of the parties to the dispute an 'adequate opportunity to present its evidence and arguments,'" but otherwise enjoys wide discretion in requiring the exchange of evidence or the admission of evidence. *U.S. Life Ins.*, 591 F.3d at 1175 (quoting *Sunshine Mining Co. v. United Steelworkers of Am., AFL-CIO CLC*, 823 F.2d 1289, 1295 (9th Cir. 1987)).  Plaintiffs had ample opportunity to present their evidence and arguments.  The Panel conducted an eighteen-day evidentiary hearing.  Both sides presented evidence and witness testimony.  The Panel heard motions both before and after the eighteen-day evidentiary hearing.  While Plaintiffs may disagree with some discovery decisions, they fail to demonstrate the procedure was substantially inadequate.

Plaintiffs further argue the Panel's procedure was substantially inadequate with respect to their motions for adverse inferences.  This is a myopic reading of the record, which clearly reflects extensive procedure respecting these motions.  To summarize the proceedings, the Panel denied Plaintiffs' first motion for adverse inferences preceding the evidentiary hearing.  (ECF No. 63-3 at 171.)  The Panel then held its eighteen-day evidentiary hearing.  Following the hearing, the Panel permitted Plaintiffs to submit evidence in support of their renewed request for adverse inferences.  (ECF No. 63-3 at 405.)  The Panel addressed and denied the renewed motion in its interim award.  (ECF No. 63-3 at 350–51.)  Plaintiffs then, in their motion to correct the interim award, again requested adverse inferences.  (ECF No. 63-3 at 393.)  The Panel again denied Plaintiffs' request noting the "Panel found that there was insufficient evidence presented by Respondents that Concierge intentionally suppressed evidence or that Respondents were harmed by Concierge's alleged withholding of documents."  (ECF No. 63-3 at 658.)  Finally, the Panel again conclusively addressed the motions in its final award.  (ECF No. 63-3 at 573–574.)  The record thus shows "adequate opportunity" for Plaintiffs to present their arguments and evidence.

17cv2263

Plaintiffs' citation to *Lindsey v. Travelers Com. Ins. Co.*, 636 F. Supp. 3d 1181 (E.D. Cal. 2022), *aff'd*, No. 22-16795, 2023 WL 8613598 (9th Cir. Dec. 13, 2023), is unavailing. In that case, as part of his discovery requests to support his claims he was racially discriminated against, Lindsey requested documents showing the pay of the other insurance adjusters in his department. The defendant refused, and Lindsey filed three motions to compel which were all denied by the arbitrator. The arbitrator then granted summary judgment to the defendant because Lindsey failed to show race was a factor in the defendant's promotion and pay decisions. Upon review, the district court vacated the arbitration decision because the arbitrator denied Lindsey's request for payroll data the arbitrator "later faulted him for not producing" such that the proceedings were fundamentally unfair. 636 F. Supp. 3d at 1186.

The Panel does not make the same mistakes here. First, unlike in *Lindsey*, the audio and transcript records Plaintiffs sought were found to not exist by the Panel. (ECF No. 63-3 at 574.) Second, unlike in *Lindsey*, Plaintiffs have failed to demonstrate that the disputed evidence sufficiently prejudiced their interests in the arbitration such that the hearing was fundamentally unfair. *See Emps. Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1490 (9th Cir. 1991) (noting because "a showing of prejudice is a prerequisite to relief," even relevant evidence does not entitle a party to vacatur if prejudicial impact is not demonstrated); *Nordell Int'l Res., Ltd. v. Triton Indonesia, Inc.*, 999 F.2d 544 (9th Cir. 1993). This is because, unlike in *Lindsey*, there is not a direct link that the unavailable transcript or more fulsome deposition testimony would have provided the evidence of damages Plaintiffs needed for their claims.

While Plaintiffs may quibble with the discovery decisions made by the Panel, none of the purported violations rise to "affirmative misconduct" or "bad faith" such that Plaintiffs did not receive a fundamentally fair hearing. *See, e.g.*, *Mike Rose's Auto Body, Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 389 F. Supp. 3d 687, 696 (N.D. Cal. 2019) (discussing how the purported insufficiency of the arbitrator's discovery

17cv2263

procedures did not amount to misconduct under Section 10).  Accordingly, vacatur is not appropriate under the FAA.

If an arbitration award cannot be vacated under Section 10 or modified under Section 11 of the FAA, it must be confirmed under Section 9.  9 U.S.C. § 9.  "The confirmation of an arbitration award is meant to be a summary proceeding."  *Int'l Petroleum Prods. & Additives Co., Inc. v. Black Gold, S.A.R.L.*, 418 F. Supp. 3d 481, 487 (N.D. Cal. 2019) (citation omitted).  Having denied both parties motions for vacatur, the Court orders Concierge to file a motion to confirm the arbitration award.

## III.  Motion for Attorneys' Fees and Sanctions

Plaintiffs contend Defendant unreasonably multiplied the proceedings by filing its motion to confirm in the Southern District of New York.  On this basis, Plaintiffs move for sanctions under 28 U.S.C. § 1927 or alternatively for sanctions under the Court's inherent power to issue sanctions.  (ECF No. 64 at 8.)

### A.  Legal Standard

Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."  *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent."  *New Alaska*, 869 F.2d at 1306.  "Tactics undertaken with the intent to increase expenses or delay may also support a finding of bad faith."  *Id.* (internal citations omitted).

A court's "inherent powers [to assess sanctions] must be exercised with restraint and discretion."  *Chambers v. NASCO, Inc.*, 501 U.S 32, 44 (1991).  This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at

43 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  A court may assess attorney's fees as a sanction "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose."  *Fink*, 239 F.3d at 992 (citing *Chambers*, 501 U.S. at 45–46 & n.10).  To justify sanctions under a district court's inherent authority, the court must find that a party or lawyer acted in bad faith, or at least engaged in "conduct tantamount to bad faith," which can include "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 993–94.

### B. Analysis

The Court does not find Defendant acted in bad faith.  First, the contract contained a forum selection clause calling for suits under the contract to be heard in New York.  While this Court had jurisdiction and venue to hear Defendant's motion to confirm the arbitration award, it was not unreasonable for Defendant to file in New York, which also has jurisdiction over the motion.  Second, Plaintiffs fail to submit any evidence Defendant acted in bad faith or to harass Plaintiffs.  Unlike in *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645 (7th Cir. 2001), oft-cited by Plaintiffs, the Court does not have doubts about Defendant's motives in "scampering off" to the New York courts to confirm the arbitration award.  Accordingly, the Court denies Plaintiffs' motion for sanctions under 28 U.S.C. § 1927 and the Court's inherent power to issue sanctions.

### IV. Conclusion

Based on the foregoing, the Court **DENIES** Defendant's motion to continue the motion to vacate the arbitration award.  (ECF No. 69.)  The Court **DENIES** Plaintiffs' motion for sanctions or attorney's fees.  (ECF No. 64.)  The Court **DENIES** Plaintiffs' motion to vacate in part the arbitration award (ECF No. 63) and **DENIES** Defendant's motion to vacate in part the arbitration award (ECF No. 71).

The Court **ORDERS** Defendant to file a motion to confirm the arbitration award within fourteen days of this order on or before **June 3, 2024**.

17cv2263

1    **IT IS SO ORDERED.**

2

3    **DATED: May 20, 2024**

4                                                      Hon. Cynthia Bashant
                                                       United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28