UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>CONCIERGE AUCTIONS, LLC, *et al.*,<br><br>  Defendants. | Case No. 17-cv-2263-BAS-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD**<br>**(ECF No. 74)** |

On August 4, 2023, following a five-year arbitration and an eighteen-day evidentiary hearing, a panel of three arbitrators from the American Arbitration Association (the "Panel") issued a final arbitration award in this matter. Pending before the Court is Defendant Concierge Auctions, LLC's ("Concierge") motion to confirm the arbitration award. (ECF No. 74.) The Court previously denied Plaintiffs Howard Appel and David Cohen's and Defendant's motions to vacate in part the arbitration award. (ECF No. 73.) For the reasons herein, the Court **GRANTS** Defendant's motion to confirm the arbitration award. (ECF No. 74.)

**I.   Background**

A fulsome account of the facts of this case can be found in the Court's May 20, 2024, order denying the parties' motions to vacate in part the arbitration award. (ECF No. 73.)

This dispute arises out of luxury property auctions conducted by Defendant where Plaintiffs participated or were the winning bidder. Plaintiffs brought suit accusing Defendant of placing fictitious bids in order to drive up the auction prices. Following a motion by Concierge, the Court compelled the parties to arbitration, stayed the proceedings, and administratively closed the case. (ECF No. 30.)

The parties proceeded to engage in arbitration proceedings lasting five years that culminated in an eighteen-day evidentiary hearing before the Panel. On August 4, 2023, the Panel issued a fifty-page final award. While the Panel concluded Concierge submitted fake bids, the Panel found for Concierge on all of Plaintiffs' fraud claims because Plaintiffs failed to demonstrate they were damaged by the fictitious bids. The Panel also found in favor of Defendant on Plaintiffs' breach of fiduciary duty claim. The Panel, however, found against Defendant on all of its counterclaims and found in favor of Plaintiffs on their conversion claim. The Panel awarded Plaintiffs $18,427 in damages. Finally, the Panel found neither party was the prevailing party and that the parties were to bear their own costs. (ECF No. 633-3 at 602.)

Plaintiffs and Defendant filed motions before this Court to vacate in part the arbitration award. The Court denied these motions and ordered Defendant to file a motion to confirm the arbitration award pursuant to the Federal Arbitration Act ("FAA"). (ECF No. 73.) That motion is now before the Court.

## II. Legal Standard

Section 9 of the FAA provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. A district court, upon timely petition, "must" confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." *Id*. A court's ultimate review of the petition is "both limited and highly deferential." *Coutee v. Barington Cap. Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). Confirmation of an arbitration award typically "is a summary proceeding

that merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010, 1014 (E.D. Cal. 2008) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175–76 (2d Cir. 1984)).

Pursuant to this limited review, district courts generally assess the timeliness of the motion to confirm the award, whether the parties present grounds to vacate the arbitration award, and whether the underlying contract specifies a particular court to confirm the award. *See, e.g.*, *Gellman v. Hunsinger*, No. 18-CV-2641-BAS-AGS, 2021 WL 4295289, at *7 (S.D. Cal. Sept. 20, 2021), *aff'd sub nom. Gellman v. Hunsinger*, No. 22-55728, 2023 WL 8166778 (9th Cir. Nov. 24, 2023); *Shaw v. Norm Reeves Honda Superstore*, No. SA-CV-18786-JVS-DFMx, 2022 WL 2903161, at *4 (C.D. Cal. June 8, 2022).

**III. Analysis**

First, the Court previously found the contract underlying the arbitration to be enforceable and mandating the parties "submit all controversies, disputes, claims, and matters of difference" to arbitration. (ECF No. 30.) While the Court lacked discretion to compel arbitration outside this District, it nevertheless was empowered to compel arbitration in the Southern District of California. (*Id.*) Second, the Court previously denied the parties' motions to vacate in part the arbitration award. (ECF No. 73.) The parties have not submitted additional arguments for vacatur. As follows, the Court need not assess the propriety of the Panel's award again. Third, Defendant timely made the instant motion to confirm within one year of the Panel's final award pursuant to the requirements of the FAA. *See* 9 U.S.C. § 9. Fourth, Defendant has met the service requirements of the FAA by submitting this motion through the electronic court filing system.

Plaintiffs submit an opposition to Defendant's motion to confirm the award; however, they do not object to the Court confirming the Panel's award or present new arguments for vacatur. (ECF No. 75.) Rather, they present two objections to the structure and content of Defendant's motion. First, Plaintiffs object to Defendant's incorporation by reference of their prior arguments for partial vacatur that the Court rejected. Plaintiffs contend this is an implicit motion for reconsideration. The Court does not agree with that

interpretation. Defendant appears to be noting its prior objections in the event it pursues a subsequent appeal and does not request the Court reconsider its prior order. Second, Plaintiffs object to Defendant dismissing its action in the U.S. District Court for the Southern District of New York without prejudice. As discussed in more detail in the Court's prior order, Defendant had filed a related motion in that court seeking to confirm in part and vacate in part the Panel's award. (ECF No. 73.) The Court does not find it necessary to order Defendant to request the district court in New York to reopen that case merely to dismiss it with prejudice.

Accordingly, the Court confirms the arbitration award.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's motion to confirm the arbitration award and **CONFIRMS** the arbitration award. (ECF No. 74.)

IT IS SO ORDERED.

DATED: July 1, 2024

Hon. Cynthia Bashant
United States District Judge