1

2

3

4

5

6

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

13

HOWARD APPEL, *et al.*,

Case No. 17-cv-02263-BAS-MDD

14

Plaintiffs,

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT (ECF No. 82)**

15

v.

16

CONCIERGE AUCTIONS, LLC, *et al.*,

17

Defendants.

18

19

20

Presently before the Court is a Motion to Set Aside Default filed by Chad Roffers, Alexander Gray, Frank Martorano, Frank Trunzo, Sarena Irwin, Emily Roberts,[1] and Katie McMains ("Individual Defendants").  (ECF No. 82.)  Plaintiffs Howard Appel and David Cohen oppose.  (ECF No. 84.)  The Court finds this Motion suitable for determination on the papers submitted and without oral argument.  *See* Fed. R. Civ. P. 78(b); Civ. L.R.

21

22

23

24

25

26

27

28

---

[1]  The Individual Defendants submit that Emily Roberts was incorrectly named in this lawsuit as "Emily Pryor."  (Mot. 1:6.)

7.1(d)(1).   For the following reasons, the Court **GRANTS** the Individual Defendants' Motion and sets aside the entry of default.

## I.      Background

This 2017 case is a long-running dispute arising out of luxury property auctions. Defendant Concierge Auctions, LLC conducted the auctions, and the Individual Defendants worked for Concierge in various roles.  (First Am. Compl. ¶¶ 7–14, ECF No. 12.)  Plaintiffs are real estate investors who participated in Concierge's auctions, including as the winning bidders for a property in Fiji.  (*Id.* ¶ 64.)

So far, this case has centered on the dispute between Concierge and Plaintiffs. Concierge responded to the Complaint by moving to compel arbitration of Plaintiffs' claims.  (ECF No. 10.)  Around the same time, Plaintiffs filed their First Amended Complaint.  (ECF No. 12.)  The Court, however, stayed the deadline for the Individual Defendants to respond to the First Amended Complaint while the Court resolved Concierge's motion.  (ECF No. 29.)

Ultimately, the Court granted Concierge's motion to compel arbitration and stayed the action "as to all parties and all claims."  (ECF No. 30.)  That outcome meant the Individual Defendants' deadline to respond to the lawsuit remained on hold until Plaintiffs and Concierge completed their arbitration.

Plaintiffs and Concierge spent five years in arbitration, which culminated in an eighteen-day hearing that led to an arbitration award.  They returned to this Court in October 2023.  (ECF No. 63.)  After resolving several disputes, the Court confirmed the arbitration award, which ends the case between Plaintiffs and Concierge.  (ECF No. 76.)

Several weeks later, Plaintiffs returned their attention to the Individual Defendants. Plaintiffs requested an entry of default based on the Individual Defendants' failure to respond to the First Amended Complaint filed in December 2017.  (ECF Nos. 77, 78.)  The Clerk of Court entered default.  (ECF Nos. 80, 81.)  Ten days later, the Individual Defendants moved to set aside the default.  (Mot., ECF No. 82.)  The Motion is fully

17cv2263

1   briefed.  (Opp'n, ECF No. 84; Reply, ECF No. 85.)  Plaintiffs also filed an Objection to

2   Defendants' Reply.  (ECF No. 86.)

3   **II.      Legal Standard**

4           If a complaint is properly served, failure to make a timely answer or otherwise

5   defend will justify entry of default.  Fed. R. Civ. P. 55(a).  Under Rule 55(c), the court

6   "may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).

7           The court's good cause analysis considers the three so-called "*Falk* factors": "(1)

8   whether the plaintiff will be prejudiced, (2) whether the defendant has [no] meritorious

9   defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v.*

10  *Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*,

11  739 F.2d 461, 463 (9th Cir. 1984)).  These factors are disjunctive, and the court may deny

12  a motion to set aside default if any one of the three factors is satisfied.  *Franchise Holding*

13  *II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *accord United*

14  *States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015)*.*

15          "Judgment by default is a drastic step appropriate only in extreme circumstances; a

16  case should, whenever possible, be decided on the merits."  *Falk*, 739 F.2d at 463.  Thus,

17  "[w]here timely relief is sought from a default . . . and the movant has a meritorious

18  defense, doubt, if any should be resolved in favor of the motion to set aside the [default]

19  so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783

20  F.2d 941, 945–46 (9th Cir. 1986) (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355

21  (9th Cir. 1974)).  The court has broad discretion in setting aside entry of default. *Id.* at 945.

22  **III.     Analysis**

23          **A.      Prejudice**

24          The first *Falk* factor examines whether Plaintiffs will be prejudiced if the Court sets

25  aside the Individual Defendants' default.  Prejudice means Plaintiffs' ability to pursue their

26  claims will "be hindered."  *See Falk*, 739 F.2d at 463.  A slowdown in the case is not

27  enough.  "Rather, the delay must result in tangible harm such as loss of evidence, increased

28  difficulties of discovery, or greater opportunity for fraud or collusion."  *Thompson v. Am.*

1  *Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996).  "[M]erely being forced to litigate

2  on the merits cannot be considered prejudicial for purposes of" setting aside a default.  *See,*

3  *e.g., PacificSource Health Plans v. Atl. Specialty Ins. Co.*, No. 22-35666, 2023 WL

4  4946604, at *1 (9th Cir. Aug. 3, 2023) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244

5  F.3d 691, 701 (9th Cir. 2001)).

6        The Individual Defendants argue setting aside the default will inflict no prejudice

7  because Plaintiffs' case against them "is still in its earliest stages."  (Mot. 10:20–11:16.)

8  The Court agrees.  Plaintiffs argue discovery will be more challenging because this case

9  has been pending for many years, but this argument is a nonstarter.  The Court froze

10  Plaintiffs' action against the Individual Defendants pursuant to the Federal Arbitration Act.

11  This stay—not the Individual Defendants' failure to respond—caused the case to be

12  pending for many years.  Now that Plaintiffs' arbitration with Concierge has concluded

13  and the stay has been lifted, Plaintiffs are "merely being forced to litigate on the merits"

14  against the Individual Defendants, which "cannot be considered prejudicial."  *See TCI*

15  *Grp.*, 244 F.3d at 701.  Hence, the first *Falk* factor favors setting aside the default.

16        **B.**    **Meritorious Defense**

17        The second *Falk* factor asks if the Individual Defendants have a meritorious defense

18  to Plaintiffs' action.  "All that is necessary to satisfy the 'meritorious defense' requirement

19  is to allege sufficient facts that, if true, would constitute a defense: 'the question whether

20  the factual allegation [i]s true' is not to be determined by the court when it decides the

21  motion to set aside the default.  Rather, that question 'would be the subject of the later

22  litigation.'"  *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) (quoting *United*

23  *States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir.

24  2010)).

25        Plaintiffs bring a single claim against the Individual Defendants under the Racketeer

26  Influenced and Corrupt Organizations Act ("RICO").  (First Am. Compl. ¶¶ 106–20.)  This

27  claim alleges the Individual Defendants acted in concert with Concierge to defraud

28  Plaintiffs and others through fraudulent luxury property auctions.  (*Id.*)

17cv2263

1    The Individual Defendants contend they have several meritorious defenses to this

2    claim, including that Plaintiffs failed to establish the same RICO claim against Concierge

3    in the arbitration.  (Mot. 6:12–10:19.)  The Individual Defendants argue they are similarly

4    situated because they are Concierge's employees.  Therefore, they believe Plaintiffs' claim

5    will be subject to dismissal on the same grounds, as well as under the doctrines of res

6    judicata and collateral estoppel.  (*Id.*)  In response, Plaintiffs ask the Court to adjudicate

7    these defenses now.  (Opp'n 7:23–13:2.)  The Court declines to do so.  These issues are

8    better resolved through litigation on the merits, including through a motion to dismiss or a

9    motion for summary judgment.  *See Mendoza*, 783 F.2d at 945–46 (noting any doubt

10   "should be resolved in favor of the motion to set aside the [default] so that cases may be

11   decided on their merits"); *see also Aguilar*, 782 F.3d at 1107 (describing the analogous

12   burden to set aside a default judgment as "not extraordinarily heavy").  Consequently, the

13   Individual Defendants have met their burden to demonstrate the second *Falk* factor favors

14   setting aside the entry of default.

### C.    Culpability

16   The third *Falk* factor considers whether the Individual Defendants' culpable conduct

17   led to the entry of default.  In the Ninth Circuit, "a defendant's conduct [is] culpable for

18   purposes of the *Falk* factors where there is no explanation of the default inconsistent with

19   a devious, deliberate, willful, or bad faith failure to respond."  *Emp. Painters' Tr. v. Ethan*

20   *Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (alteration in original) (quoting *TCI Grp.*,

21   244 F.3d at 698).  "Negligent clerical errors, without more, do not establish culpability.

22   Generally, conduct is culpable and inexcusable only when the defendant's active

23   misconduct led to the default."  *PacificSource*, 2023 WL 4946604, at *3 (citing *Emp.*

24   *Painters' Tr.*, 480 F.3d at 1000, *Franchise Holding*, 375 F.3d at 924–25; *TCI Grp.*, 244

25   F.3d at 697; *Falk*, 739 F.2d at 464; *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th

26   Cir. 2000))).

27   The Individual Defendants argue there is no indication they "acted in bad faith or

28   with the intention of hindering the instant proceedings."  (Mot. 12:6–7.)  In their view,

17cv2263

1    when the Court lifted the stay, it did not "explicitly lift the stay as to the Individual

2    Defendants" or "set a schedule for ([or] even reference) the Individual Defendants

3    responding to the" First Amended Complaint.  (*Id.* 12:12:8–10.)

4          Plaintiffs see it differently.  They accuse the Individual Defendants of engaging in

5    wrongful conduct and "manipulating the legal process by delaying this case to make

6    obtaining necessary discovery more difficult."  (Opp'n 15:4–14.)  This accusation is a

7    paper tiger.  At best, the Individual Defendants were careless in not seeking clarity from

8    the Court when it lifted the stay, and they could have proactively filed a responsive pleading

9    to avoid this dispute.  The Court is unpersuaded that the Individual Defendants' conduct

10    reveals a "devious, deliberate, willful, or bad faith failure to respond."  *See Emp. Painters'*

11    *Tr.*, 480 F.3d at 1000.  Indeed, the Individual Defendants promptly moved to set aside their

12    defaults.

13          In sum, after applying the *Falk* factors, the Court exercises its discretion to set aside

14    the entry of default against the Individual Defendants.[2]  *See Mendoza*, 783 F.2d at 945–46;

15    *Falk*, 739 F.2d at 463.

16                                        * * *

17          There is one wrinkle.  The Clerk of Court entered default against eight individuals,

18    but only seven of them brought this Motion as the Individual Defendants.  (*See* ECF Nos.

19    80, 81; Mot. 1:4–7.)  The missing defendant is Olivia Asavei.  (*See* Mot. 1:4–7; Opp'n 6

20    n.3.)  Asavei is allegedly a Closing Coordinator at Concierge.  (First Am. Compl. ¶ 14.)

21    Because she has not moved to set aside her default, it will remain in place.

22          That being said, if a complaint seeks relief against multiple defendants that are

23    similarly situated, the court has discretion to defer considering a request for default

24    judgment until the matter has been resolved as to all defendants.  *See, e.g.*, *Frow v. De La*

25    *Vega*, 82 U.S. 552, 554 (1872) (noting where a complaint alleges that defendants are jointly

26

27          [2]  Plaintiffs object to the Individual Defendants' Reply, arguing they improperly included new

28    evidence for the first time in their Reply.  (ECF No. 86.)  The Court did not rely on this evidence, so the
Objection is moot.

17cv2263

1   liable and one of them defaults, judgment should not be entered against the defaulting

2   defendant until the matter has been adjudicated with regard to all defendants); *see also Gulf*

3   *Coast Fans, Inc. v. Midwest Elec. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)

4   (extending the *Frow* rule to defendants who are "similarly situated," even if not jointly and

5   severally liable); *see also In re First T.D. v. Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)

6   (discussing and applying the Eleventh Circuit's extension of the *Frow* rule in analogous

7   circumstances).  Because Asavei is similarly situated to the Individual Defendants, the

8   Court will defer any request for default judgment against her until the Court can resolve

9   the case against the other Defendants.  Hence, the Court stays the deadline for Plaintiffs to

10  seek a default judgment until that juncture.

11  **IV.    Conclusion**

12  In light of the foregoing, the Court **GRANTS** the Individual Defendants' Motion to

13  Set Aside Default.  (ECF No. 82.)  The Clerk of Court shall set aside the entry of default

14  against Defendants Chad Roffers, Alexander Gray, Frank Martorano, Frank Trunzo,

15  Sarena Irwin, Emily Roberts (Pryor), and Katie McMains.  Defendant Olivia Asavei shall

16  remain in default.  Further, the Court **STAYS** the deadline for Plaintiffs to seek a default

17  judgment against Defendant Asavei.  In addition, the Court **TERMINATES AS MOOT**

18  the joint motion to continue Plaintiffs' deadline to seek a default judgment against the

19  Individual Defendants.  (ECF No. 83.)

20  Finally, the Court **ORDERS** the Individual Defendants to respond to the First

21  Amended Complaint no later than **October 4, 2024**.

22      **IT IS SO ORDERED.**

23

24  **DATED: September 20, 2024**

25              Hon. Cynthia Bashant
            United States District Judge

26

27

28